UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN HARMAN, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>GREGORY J. AHERN,<br><br>    Defendant. | Case No. 14-cv-03051-MEJ<br><br>**ORDER RE: MOTION TO REMAND**<br><br>Re: Dkt. No. 5 |

## INTRODUCTION

Pending before the Court is Plaintiffs Susan Harman, Nancy Mancias, and Jane Doe's ("Plaintiffs") Motion to Remand. Defendant Alameda County Sheriff Gregory J. Ahern has filed an Opposition (Dkt. No. 15). The Court finds this Motion suitable for disposition without oral argument and VACATES the October 30, 2014 hearing. Civ. L.R. 7-1(b). Having considered the parties' positions, relevant legal authority, and the record in this case, the Court DENIES Plaintiffs' Motion for the reasons set forth below.

## BACKGROUND

Plaintiffs were all required to submit to pregnancy tests after being arrested in Alameda County. Compl. ¶¶ 7-9, Dkt. No. 1-1. They filed this action in Alameda County Superior Court to challenge the Alameda County Sheriff's policy of requiring women arrested and booked into jail to submit to a pregnancy test. *Id.* ¶ 1. Plaintiffs assert that the policy violates: (1) their privacy rights under article I section 1 of the California Constitution (First Cause of Action); (2) the right to be free from unreasonable searches and seizures under the Fourth Amendment of the United States Constitution (Second Cause of Action); (3) the right to be free from unreasonable searches

1  and seizures under article I section 13 of the California Constitution (Third Cause of Action); (4)
2  the requirement that inmates provide informed consent before being subject to non-emergency
3  medical care under California Code of Regulations, title 15 section 1214 (Fourth Cause of
4  Action); and (5) the prohibition of illegally expending public funds under California Code of Civil
5  Procedure section 526(a) (Fifth Cause of Action). *Id.* ¶¶ 25-43. In their Sixth Cause of Action
6  under the Bane Act, Cal. Civ. Proc. Code § 52.1, Plaintiffs seek injunctive and equitable relief for
7  interference with their rights by means of threats, intimidation, or coercion. *Id.* ¶¶ 44-46.
8  Plaintiffs seek a writ of mandate and injunction directing Sheriff Ahern to stop requiring female
9  arrestees to take a pregnancy test, and a declaration that his actions in requiring mandatory
10 pregnancy testing are illegal. *Id.* at 8.

11 Defendant Alameda County Sheriff Gregory J. Ahern removed the case to this Court on
12 July 3, 2014, on the basis of Plaintiffs' Fourth Amendment claim. Dkt. No. 1.

13 Plaintiffs filed the present Motion to Remand on July 24, 2014. Dkt. No. 5. In their
14 Motion, Plaintiffs state that they have no objection to this Court deciding the merits of this case,
15 but they are concerned that the Court lacks subject matter jurisdiction to do so. Mot. at 2. They
16 bring this Motion "in order to raise this threshold question at the soonest possible time, so that
17 neither the Court nor the parties expend time and resources only to later find that the Court has no
18 power to hear the case." *Id.*

19 **LEGAL STANDARD**

20 A defendant may remove a civil action filed in state court to federal district court so long
21 as the district court could have exercised original jurisdiction over the matter. 28 U.S.C. §
22 1441(a). If at any time before judgment it appears that the district court lacks subject matter
23 jurisdiction over a case previously removed from state court, the case must be remanded. 28
24 U.S.C. § 1447(c). On a motion to remand, the scope of the removal statute must be strictly
25 construed. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The 'strong presumption'
26 against removal jurisdiction means that the defendant always has the burden of establishing that
27 removal is proper." *Id.* Courts should resolve doubts as to removability in favor of remanding the
28 case to state court. *Id.*

**DISCUSSION**

Although all three Plaintiffs were required to submit to pregnancy testing in the past, they argue in their Motion that "there is absolutely no suggestion that [Susan Harman and Jane Doe] will ever be arrested or subject to this policy in the future; these two plaintiffs have sued as taxpayers and citizens of Alameda County." Mot. at 2. As such, Plaintiffs contend that this gives Ms. Harman and Ms. Doe standing in state, but not federal, court. *Id.* As to Ms. Mancias, the allegations in the Complaint provide that she "continues to participate in political demonstrations and is sometimes arrested at them," and that she is suing "so that she will not be forced to undergo this intrusive testing during future arrests in Alameda County," in violation of her Fourth Amendment rights. Compl. ¶ 8. Plaintiffs bring this Motion so that the Court can determine whether this allegation is sufficient to support standing to request prospective relief to prevent future Fourth Amendment violations against her. Mot. at 3.

In response, Sheriff Ahern argues that "Plaintiffs' allegations indicate the likelihood that Ms. Mancias again will encounter allegedly unlawful County pregnancy policies is more than 'remote and hypothetical' – and that it apparently instead is a certainty." Opp'n at 2. Because Ms. Mancias sues so that she "will not be forced to undergo … intrusive testing during future arrests in Alameda County," Sheriff Ahern argues that such allegations would seem to satisfy the realistic possibility required for standing. *Id.* (quoting Compl. ¶ 8).

District courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Here, as Plaintiffs bring a claim under the Fourth Amendment, there is no dispute that federal question jurisdiction exists. However, "[s]tanding is an integral component of subject matter jurisdiction. If Plaintiff[s] lack[] standing, this Court has no subject matter jurisdiction and must remand the [removed] case to state court." *Boyle v. MTV Networks, Inc.*, 766 F. Supp. 809, 816 (N.D. Cal. 1991) (citations omitted); *see also Hein v. Freedom From Religion Found., Inc.*, 551 U.S. 587, 597-98 (2007).

To establish Article III standing, Plaintiffs must demonstrate that they satisfy three irreducible requirements: "(1) [they have] suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly

3

1   traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely

2   speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v.*

3   *Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000) (citing *Lujan v. Defenders of*

4   *Wildlife*, 504 U.S. 555, 560-61 (1992)). Additionally, in a case like this, requesting only

5   prospective relief, plaintiffs have standing only if they are "realistically threatened by a repetition

6   of the violation." *Gest v. Bradbury*, 443 F.3d 1177, 1181 (9th Cir. 2006); *see also City of Los*

7   *Angeles v. Lyons*, 461 U.S. 95, 105-06 (1983). Therefore, whether a plaintiff has standing to seek

8   an injunction depends on whether she is likely to suffer future injury from allegedly

9   unconstitutional behavior, and "the injury or threat of injury must be both 'real and immediate,'

10  not 'conjectural' or 'hypothetical.'" *Lyons*, 461 U.S. at 102.

11  Here, Plaintiffs Harman and Doe admit that they are unlikely to be arrested or subjected to

12  the County's pregnancy test policy again. As such they do not have standing to seek prospective

13  relief in this Court. *See id.* at 111 ("Absent a sufficient likelihood that he will again be wronged in

14  a similar way, [the plaintiff] is no more entitled to an injunction than any other citizen of Los

15  Angeles[.]"). However, even if Harman and Doe do not have standing, if Ms. Mancias has

16  standing, this Court has jurisdiction over the entire case. *See* 28 U.S.C. § 1367(a); *Watt v. Energy*

17  *Action Educ. Found.*, 454 U.S. 151, 160 (1981) ("Because we find California has standing, we do

18  not consider the standing of the other plaintiffs."); *Mountain States Legal Found. v. Glickman*, 92

19  F.3d 1228, 1232 (D.C. Cir. 1996) ("For each claim, if constitutional and prudential standing can

20  be shown for at least one plaintiff, [the court] need not consider the standing of the other plaintiffs

21  to raise that claim."); *Freedom From Religion Found., Inc. v. Weber*, 951 F. Supp. 2d 1123, 1132

22  (D. Mont. 2013) ("[O]nce the court determines that one of the plaintiffs has standing, it need not

23  decide the standing of the others.") (citation omitted).

24  The Court finds that Ms. Mancias has standing because she has alleged that she was

25  required to undergo a pregnancy test pursuant to a written policy and officially sanctioned

26  conduct. Compl. ¶¶ 20-21. A plaintiff may show that her "threatened injury is sufficiently likely

27  to occur," and thus that she has standing, by showing that (1) her injury "stems from" a written

28  policy; or (2) that the harm is part of a "pattern of officially sanctioned . . . behavior, violative of

4

plaintiffs' [federal] rights." *Armstrong v. Davis*, 275 F.3d 849, 861 (9th Cir. 2001) (citations omitted), *abrogated on other grounds by Johnson v. California*, 543 U.S. 499 (2005); *see also LaDuke v. Nelson*, 762 F.2d 1318, 1323-24 (9th Cir. 1985); *Moyle v. Cnty. of Contra Costa*, 2007 WL 4287315, at *14 (N.D. Cal. Dec. 5, 2007) (finding standing where plaintiffs challenged "an established practice under which all juveniles were strip-searched when they were admitted to Contra Costa Juvenile Hall").  Sheriff Ahern does not dispute that such a policy exists and that Ms. Mancias is likely to be affected by it again if she continues to get arrested during demonstrations.  Opp'n at 2.  Thus, because Ms. Mancias was subjected to a mandatory pregnancy test due to an officially sanctioned written policy, and she is likely to be affected by it again, she has standing under Article III.  *See Demery v. Arpaio*, 378 F.3d 1020, 1027 (9th Cir. 2004) (affirming entry of a preliminary injunction based on determination that plaintiffs who had been arrested and incarcerated repeatedly were likely to be re-incarcerated and subjected to the same unconstitutional conditions), *cert. denied*, 545 U.S. 1139 (2005)).

## CONCLUSION

Based on the analysis above, the Court DENIES Plaintiffs' Motion to Remand.  As it appears that the parties remain in settlement negotiations, they shall file a joint status report by November 20, 2014.

**IT IS SO ORDERED.**

Dated: October 14, 2014

_____
MARIA-ELENA JAMES
United States Magistrate Judge