UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SUSAN HARMAN, et al.,

               Plaintiffs,

    v.

GREGORY J. AHERN,

             Defendant.

Case No.  14-cv-03051-MEJ

**ORDER RE: MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

Re: Dkt. No. 23

## INTRODUCTION

Pending before the Court is Plaintiffs Susan Harman, Nancy Mancias, and Jane Doe's ("Plaintiffs") Motion for Leave to File an Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a).  Dkt. No. 23.  Defendant Alameda County Sheriff Gregory J. Ahern ("Defendant") filed an Opposition (Dkt. No. 24) and Plaintiffs filed a Reply (Dkt. No. 25).  The Court finds this matter suitable for disposition without oral argument and VACATES the April 30, 2015 hearing.  *See* Fed. R. Civ. P. 78(b); Civil L.R. 7-1(b).  Having considered the parties' positions, relevant legal authority, and the record in this case, the Court **GRANTS** Plaintiffs' Motion for the reasons set forth below.

## BACKGROUND

On June 2, 2014, Plaintiffs filed this action in Alameda County Superior Court, alleging that the Alameda County Sheriff's Department requires women arrested and booked into jail to submit to a pregnancy test.  Compl. ¶ 1, Dkt. No. 1-1.  They allege they were all required to submit to pregnancy tests after being arrested in Alameda County.  *Id.* ¶¶ 7-9.  Plaintiffs assert that the policy violates: (1) their privacy rights under article I section 1 of the California Constitution (First Cause of Action); (2) the right to be free from unreasonable searches and seizures under the

Fourth Amendment of the United States Constitution (Second Cause of Action); (3) the right to be free from unreasonable searches and seizures under article I section 13 of the California Constitution (Third Cause of Action); (4) the requirement that inmates provide informed consent before being subject to non-emergency medical care under California Code of Regulations, title 15 section 1214 (Fourth Cause of Action); and (5) the prohibition of illegally expending public funds under California Code of Civil Procedure section 526(a) (Fifth Cause of Action). *Id.* ¶¶ 25-43. In their Sixth Cause of Action under the Bane Act, Cal. Civ. Proc. Code § 52.1, Plaintiffs seek injunctive and equitable relief for interference with their rights by means of threats, intimidation, or coercion. *Id.* ¶¶ 44-46. Plaintiffs seek a writ of mandate and injunction directing Defendant to stop requiring female arrestees to take a pregnancy test, and a declaration that his actions in requiring mandatory pregnancy testing are illegal. *Id.* at 8.

Although Plaintiffs allege that they were all subject to forced pregnancy testing, they brought their Complaint as taxpayers and citizens, with the sole goal of preventing Defendant from engaging in this policy in the future. *Id.* ¶ 4. For that reason, the operative complaint requests only prospective equitable relief (a writ of mandate, an injunction, and a declaration that the policy is illegal)—not damages. *Id.* at 8-9.

Defendant removed the case to this Court on July 3, 2014, on the basis of Plaintiffs' Fourth Amendment claim. Dkt. No. 1. Plaintiffs subsequently filed a Motion to Remand on July 24, 2014. Dkt. No. 5. Although Plaintiffs stated that they had no objection to this Court deciding the merits of their case, they were concerned that the Court lacked subject matter jurisdiction to do so, and therefore brought the motion "in order to raise this threshold question at the soonest possible time, so that neither the Court nor the parties expend time and resources only to later find that the Court has no power to hear the case." *Id.* at 2. Plaintiffs noted that for two of the three Plaintiffs—Harman and Doe—the Complaint made no suggestion that they will ever be arrested or subject to Defendant's policy and practice in the future. *Id.* at 4. Plaintiff Mancias, however, did allege that she "continues to participate in political demonstrations and is sometimes arrested at them," and that she is suing "so that she will not be forced to undergo this intrusive testing during future arrests in Alameda County," in violation of her Fourth Amendment rights. Compl. ¶ 8.

2

United States District Court
Northern District of California

1  Defendant opposed the motion, arguing that Plaintiffs' allegations were adequate to establish

2  standing.  Dkt. No. 15.

3          On October 14, 2014, the Court denied Plaintiffs' motion, finding they have standing to

4  pursue their action in federal court.  Dkt. No. 16.  The Court ruled that Plaintiff Mancias has

5  standing to pursue an injunction because she has pleaded that she may be subject to the policy in

6  the future.  *Id.* at 4.  As standing could be shown for at least one plaintiff, the Court determined

7  that it need not consider the standing of the other plaintiffs to raise the same claims.  *Id.*

8          After this ruling, in the parties' Joint Case Management Conference Statement, Defendant

9  stated that "Whether and/or to what extent Plaintiffs have standing" remains a legal issue in this

10 case," and that "the Court's prior standing ruling is not necessarily conclusive.  New information

11 or circumstances may necessitate, in whole or in part a revised ruling."  Dkt. No. 20 at 6 & n.3.

12 Plaintiffs now move for leave to file an Amended Complaint to add a claim for nominal damages,

13 based on the possibility that Defendant may still challenge Plaintiffs' standing.  Mot. at 2.

14                                   **LEGAL STANDARD**

15         Federal Rule of Civil Procedure 15 provides that a party may amend its pleading once as a

16 matter of course within (1) 21 days after serving the pleading or (2) 21 days after the earlier of

17 service of a responsive pleading or service of a Rule 12(b) motion.  Fed. R. Civ. P. 15(a)(1).

18 Outside of this timeframe, "a party may amend its pleading only with the opposing party's written

19 consent or the court's leave," though the court "should freely give leave when justice so requires."

20 Fed. R. Civ. P. 15(a)(2).  "Although the rule should be interpreted with 'extreme liberality,' leave

21 to amend is not to be granted automatically."  *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387

22 (9th Cir. 1990) (citation omitted).

23         A court considers five factors in determining whether to grant leave to amend: "(1) bad

24 faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5)

25 whether plaintiff has previously amended his complaint."  *In re Western States Wholesale Nat.*

26 *Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013) (quoting *Allen v. City of Beverly Hills*, 911

27 F.2d 367, 373 (9th Cir. 1990)).  "Prejudice to the opposing party is the most important factor."

28 *Jackson*, 902 F.2d at 1387.

**DISCUSSION**

**A.    Bad Faith**

Bad faith may be shown when a party seeks to amend late in the litigation process with claims which were, or should have been, apparent early.  *Bonin v. Calderon*, 59 F.3d 815, 846 (9th Cir. 1995).  Defendant does not argue that Plaintiffs seek to amend in bad faith.  Further, in the record before the Court, there is no indication of a bad faith purpose for Plaintiffs' desire to amend, and the Court therefore finds that Plaintiffs' Motion is not motivated by bad faith.

**B.    Undue Delay**

Plaintiffs maintain that there has been no undue delay in seeking leave to add their claim for nominal damages, as the Court set a deadline of April 13, 2015 to seek leave to amend.  Mot. at 5.  Defendant argues that "Plaintiffs have delayed unduly because they have known about the facts underlying their newly-proposed claims for over 2½ years (in Plaintiff Harman's case), 1 year (in Plaintiff Doe's case), and nearly 4 years (in Plaintiff Mancias's case)."  Opp'n at 3-4 (citing Compl. ¶¶ 11-18).  Defendant contends that Plaintiffs' delay "is particularly inappropriate since they knew about the facts and theory underlying their newly proposed damages claims long before they sued."  *Id.* at 4.  Although Plaintiffs state that their request to amend is based on Defendant's statement that Plaintiffs' standing remains a legal issue, Defendant notes that he has not actually indicated he will challenge their standing.  *Id.*

"[D]elay alone no matter how lengthy is an insufficient ground for denial of leave to amend."  *United States v. Webb*, 665 F.2d 977, 980 (9th Cir. 1981); *see also Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).  However, undue delay combined with other factors may warrant denial of leave to amend.  *See, e.g.*, *Jackson*, 902 F.2d at 1387-89 (holding that prejudice and undue delay are sufficient to deny leave to amend); *Morongo Band of Mission Indians*, 893 F.2d at 1079 ("delay of nearly two years, while not alone enough to support denial, is nevertheless relevant").

A moving party's inability to sufficiently explain its delay may indicate that the delay was undue.  *Jackson*, 902 F.2d at 1388.  Whether the moving party knew or should have known the facts and theories raised in the proposed amendment at the time it filed its original pleadings is a

United States District Court
Northern District of California

relevant consideration in assessing untimeliness. *Id.* "[L]ate amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action." *Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir. 1986). "At some point, . . . a party may not respond to an adverse ruling by claiming that another theory not previously advanced provides a possible [ground] for relief and should be considered." *Ascon Prop., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1161 (9th Cir. 1989) (quotation marks omitted).

In the January 9, 2015 Case Management Order, the Court directed the parties to seek leave to amend on or before April 13, 2015. Case Management Order at 1, Dkt. No. No. 21. As Plaintiffs filed the present Motion on March 26, 2015, their request is timely. Further, although Plaintiffs allege that they were all subject to forced pregnancy testing, they did not initially seek damages, as their goal was for Defendant to change the pregnancy testing policy. They sought leave to add a nominal damages claim only after the parties were unable to reach an informal resolution, and in part based on Defendant's statement that standing remains a legal issue in this case. *See Yniguez v. State*, 975 F.2d 646, 647 (9th Cir. 1992) ("A plaintiff's pursuit of nominal damages provides a sufficiently concrete interest in the outcome of the litigation to confer standing to pursue declaratory relief and thereby prevents mootness." (citations omitted)); *Carey v. Piphus*, 435 U.S. 247, 266 (1978) (deprivation of rights is "actionable for nominal damages without proof of actual injury"). Further, this case remains in the early stages of litigation, with discovery ongoing and the dispositive motion deadline nearly four months away. For these reasons, the Court finds that Plaintiffs' Motion is not unduly delayed.

## C. Prejudice to the Opposing Party

"The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). "A need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend the complaint." *Lockheed Martin Corp. v. Network Solutions*, 194 F.3d 980, 986 (9th Cir. 1999) (citing *Solomon v. North Am. Life & Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998)). However, "[n]either delay resulting from the proposed amendment nor the prospect of additional

discovery needed by the non-moving party in itself constitutes a sufficient showing of prejudice." *Tyco Thermal Controls LLC v. Redwood Indus.*, 2009 WL 4907512, at *3 (N.D. Cal. Dec. 14, 2009).

Here, Defendant claims that the addition of a nominal damages claim will cause prejudice "because Plaintiffs never have asserted a damages claim, [and] their personal experiences have been irrelevant."  Opp'n at 5.  As such, he "has conducted no discovery or investigation concerning them."  *Id.*  Defendant argues that persons with knowledge pertinent to Plaintiffs' newly-proposed damages claims would most likely include people he could no longer identify or locate, and for those who could be found, their recollections of pertinent events occurring as much as four years ago would be significantly eroded, if not lost entirely.  *Id.*  Defendant also argues that completing such an investigation and discovery would take "8-12 months."  *Id.* at 6.

The Court finds that Defendant has failed to show how the addition of a claim for nominal damages prejudices his defense.  As an initial matter, Plaintiffs' claim for "nominal damages will not require any additional discovery because nominal damages require no proof of actual damages."  *In re Facebook Privacy Litig.*, 2015 WL 632329, at *2 (N.D. Cal. Feb. 13, 2015) (citing *ProMex, 6 LLC v. Hernandez*, 781 F. Supp. 2d 1013, 1019 (C.D. Cal. 2011); Cal. Civ. Code § 3360)).  As Plaintiffs do not seek to add any factual allegations, it is unclear why Defendant would need up to an additional year for discovery on factual allegations which have been known to him at least since they filed their Complaint.

Further, although Defendant states that Plaintiffs' personal experiences have been irrelevant, he fails to explain what discovery or evidence could be relevant to a claim for nominal damages but not to a claim for injunctive relief.  Moreover, in his Answer to Plaintiffs' Complaint, Defendant denied several material allegations, including denying that "plaintiffs have sustained any injuries, losses, damages, or deprivation of rights of any kind or character as a result of any act or omission on the part of this answering defendant."  Def.'s Answer ¶ 4, Dkt. No. 1-2.  His contention that Plaintiffs' personal experiences have been irrelevant is at odds with Plaintiffs' allegations regarding the injuries and deprivation of rights suffered by female inmates, including themselves.  *See* Compl. ¶¶ 2-3, 13, 16, 18.

1    Finally, as to Defendant's claim that time has "destroyed or significantly eroded the quality

2    of evidence," Def.'s Opp'n at 6, once again the Court notes that Plaintiffs have not alleged any

3    new facts in their proposed amended complaint.  Thus, Defendant's duty to preserve evidence has

4    not changed, and the Court cannot deny leave to amend based on the discovery choices Defendant

5    has made.  *See Martell v. Trilogy Ltd.*, 872 F.2d 322, 327 (9th Cir. 1989) (filing of a lawsuit

6    "warns the defendant to collect and preserve his evidence in reference to . . . the whole transaction

7    described in it."); *In re Napster, Inc. Copyright Litig.*, 462 F. Supp. 2d 1060, 1067 (N.D. Cal.

8    2006) ("As soon as a potential claim is identified, a litigant is under a duty to preserve evidence

9    which it knows or reasonably should know is relevant to the action." (citations omitted)).

10   Accordingly, the Court finds that Defendant has failed to show prejudice based on the

11   addition of Plaintiffs' nominal damages claim.

12   **D.       Futility of Amendment**

13   "A motion for leave to amend may be denied if it appears to be futile or legally

14   insufficient.  However, a proposed amendment is futile only if no set of facts can be proved under

15   the amendment to the pleadings that would constitute a valid and sufficient claim [ ]."  *Miller v.

16   Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) (citations omitted).  The standard to be

17   applied is identical to that on a motion to dismiss for failure to state a claim under Rule 12(b)(6).

18   *Id.*

19   To satisfy the 12(b)(6) pleading standard, a plaintiff must plead his claim with sufficient

20   specificity to "give the defendant fair notice of what the claim is and the grounds upon which it

21   rests."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "[A] complaint must contain

22   sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A

23   claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

24   the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*,

25   556 U.S. 662, 663 (2009) (citation and quotation marks omitted).

26   Defendant argues that amendment with respect to Plaintiffs Harman and Mancias would be

27   futile.  As to Plaintiff Harman, Defendant argues that her claim for nominal damages is barred by

28   the statute of limitations, as her claim accrued nearly four years ago.  Opp'n at 7.  However, an

United States District Court
Northern District of California

7

United States District Court
Northern District of California

1    amendment relates back to the date of the original pleading when "the amendment asserts a claim

2    or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set

3    out—in the original pleading."  Fed. R. Civ. P. 15(c)(1)(B).  "When a plaintiff seeks to amend a

4    complaint to state a new claim against an original defendant . . . the district court . . . compares the

5    original complaint with the amended complaint and decides whether the claim to be added will

6    likely be proved by the 'same kind of evidence' offered in support of the original pleading.  In

7    making this decision, the court considers whether the 'allegations of a new theory in an amended

8    complaint . . . involve [ ] the same transaction, occurrence, or core of operative facts involved in

9    the original claim.'"  *Percy v. S.F. General Hosp.*, 841 F.2d 975, 978 (9th Cir. 1988) (citation

10   omitted).  The key question is whether the operative facts are similar enough to "impart fair notice

11   of the transaction, occurrence, or conduct called into question."  *Martell*, 872 F.2d at 327.  The

12   Ninth Circuit has made clear that the emphasis is not on the legal theory asserted by Plaintiff, but

13   rather on the operative facts of the claim.  *FDIC v. Jackson*, 133 F.3d 694, 702 (9th Cir. 1998).

14           Here, because proposed amended complaint adds no new factual allegations, it is clear that

15   Plaintiff Harman's claim for nominal damages arises "out of the conduct . . . set out" in the

16   original complaint.  *Martell*, 872 F.2d at 325 (primary consideration under Rule 15(c) is whether

17   the original complaint provided adequate notice of the facts that form the basis of the claims).  An

18   amended complaint that adds a damages claim to the previously pled equitable claims, without

19   alleging new facts, relates back under Rule 15(c).  *See Goodman v. Poland*, 395 F. Supp. 660,

20   684-85 & n.16 (D. Md. 1975) (collecting cases).  Thus, the Court finds that Plaintiff Harman's

21   claim for nominal damages relates back to the June 2, 2014 Complaint.

22           Defendant also contends that futility forecloses a nominal damages claim by Plaintiff

23   Mancias because she had the option to decline pregnancy testing.  Opp'n at 7.  Defendant fails to

24   cite any authority explaining why this would make her claim for nominal damages futile.

25   Regardless, the Complaint alleges as follows:

26                   Soon after she arrived at the jail, an officer ordered Ms. Mancias to
                take a pregnancy test.  Ms. Mancias responded: "Isn't that a
27              violation of my civil liberties?"  The officer told her that if she
                refused to take the pregnancy test she would be sent to Santa Rita
28              Jail, some 30 miles from where she had been arrested.  In response

1     to this *coercion*, Ms. Mancias took the test.

2 Complaint ¶ 14 (emphasis added).  Given the allegation that Plaintiff Mancias was coerced into

3 taking a pregnancy test, the Court finds that she has stated a claim that is plausible on its face, and

4 Defendant has therefore failed to show that her claim for nominal damages would be futile.

5 **E.**  **Previous Amendments**

6    Courts have broader discretion in denying motions for leave to amend after leave to amend

7 has already been granted.  *Chodos v. W. Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (citing

8 *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 879 (9th Cir. 1999).  In *Chodos*, the Ninth Circuit

9 affirmed the district court's denial of leave to amend when the party knew of the factual basis for

10 the amendment prior to a previous amendment.  292 F.3d at 1003.  Further, a party that contends it

11 learned "new" facts to support a claim should not assert a claim that it could have pleaded in

12 previous pleadings.  *Edwards Lifesciences LLC v. Cook Inc.*, 2008 WL 913328, at *3 (N.D. Cal.

13 Apr. 2, 2008) (citing *Chodos*, 292 F.3d at 1003).

14    Here, Plaintiffs have not previously sought leave to amend, and this factor therefore does

15 not inform the Court's analysis.

16             **CONCLUSION**

17    Based on the analysis above, the Court **GRANTS** Plaintiffs' Motion for Leave to File an

18 Amended Complaint.  Plaintiffs shall e-file their amended complaint by April 30, 2015.  No

19 chambers copy is required.

20    **IT IS SO ORDERED.**

21

22 Dated: April 24, 2015

23            _____

24          MARIA-ELENA JAMES
           United States Magistrate Judge

25

26

27

28

United States District Court
Northern District of California