Christine Saunders Haskett (SBN 188053)
Rebecca Ariel Jacobs (SBN 294430)
COVINGTON & BURLING LLP
One Front Street
San Francisco, CA 94111-5356
Telephone:   (415) 591-6000
Facsimile:    (415) 591-6091
Email: chaskett@cov.com; rjacobs@cov.com

Michael Temple Risher (SBN 191627)
Elizabeth O. Gill (SBN 218311)
American Civil Liberties Union
Foundation of Northern California, Inc.
39 Drumm Street
San Francisco, CA 94111
Telephone:   (415) 621-2493
Facsimile:   (415) 255-8437
Email: mrisher@aclunc.org; egill@aclunc.org

Attorneys for Plaintiffs
SUSAN HARMAN, NANCY MANCIAS, and
JANE DOE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SUSAN HARMAN, NANCY MANCIAS, and JANE DOE,<br><br>    Plaintiffs,<br><br>    v.<br><br>GREGORY J. AHERN, Alameda County Sheriff,<br><br>    Defendant. | Case No.: 3:14-cv-03051-MEJ<br><br>**FIRST AMENDED COMPLAINT** |

# INTRODUCTION

1. This action challenges the Alameda County Sheriff's policy of requiring women arrested and booked into Alameda County jails to submit to a pregnancy test. In at least one jail, this mandatory testing occurs entirely outside the context of any other health screening. And it does not appear to be related to providing appropriate health care to women in the jails: it applies to women who will stay at the jail for only a few hours, and it applies to women who cannot be pregnant. Women are not permitted to refuse the testing.

2. As a means to providing appropriate health care to female inmates, jails should offer women the option of taking a pregnancy test as a voluntary component of the more general health care screening the jails conduct for all inmates. By isolating the pregnancy test and making it mandatory, however, the sheriff's policy publicly intrudes into one of the most intimate and private areas of a person's life – reproductive decisionmaking. As a result, female arrestees in Alameda County suffer humiliation and even greater distress, when, for example, they have to take the pregnancy test despite knowing that are not able to become pregnant due to age or infertility; they did not know they were pregnant and have to receive that information from someone other than a trusted healthcare provider; or they were trying to get pregnant and have to receive the news of negative test results from someone other than a trusted healthcare provider.

3. The Alameda County Sheriff's policy of requiring female arrestees to submit to a mandatory pregnancy test is a clear violation of the California Constitution, the U.S. Constitution, and state statutory law. The test violates arrestees' right to privacy under Article I § 1 of the California Constitution; it constitutes an unlawful search and seizure under the state and federal constitutions; and it violates Title 15 § 1214 of the California Code of Regulations, which requires jails to allow mentally competent inmates to refuse non-emergency medical care and mandates that all examinations, treatments and procedures conducted in jail accord with the same informed-consent standards that apply outside of jail.

4. Plaintiffs seek mandamus, nominal damages, declaratory, and injunctive relief to ensure that female arrestees may refuse to submit to this pregnancy testing.

## II. JURISDICTION AND VENUE

5. This Court has jurisdiction under 28 U.S.C. § 1331 because one or more of the claims arise out of the Fourth Amendment to the United States Constitution. The Court has determined that plaintiffs have standing to pursue this action in federal court, explaining that "Ms. Mancias has standing because she has alleged that she was required to undergo a pregnancy test pursuant to a written policy and officially sanctioned conduct." Order Denying Motion to Remand at 4.

6. Venue in this Court is proper because this is an action against the Alameda County Sheriff in his official capacity for acts he performed as part of his public duties that caused, and will continue to cause, legal injuries and deprivation of rights to persons, including Plaintiffs, in Alameda County. *See* 28 U.S.C. § 1391.

## III. PARTIES

**Plaintiffs**

7. In July 2010, at the age of 69, Plaintiff Susan Harman was required to submit to a pregnancy test at Alameda County's Glenn E. Dyer Detention Facility after she was arrested at a political demonstration. Ms. Harman is assessed and pays annual property taxes on real property that she owns in Alameda County. Ms. Harman believes that pregnancy testing of each and every female arrestee is an abuse of government power and a waste of her tax dollars. She brings this suit as a citizen and as an Alameda County taxpayer.

8. In August 2012, Plaintiff Nancy Mancias was required to submit to a pregnancy test at Alameda County's Glenn E. Dyer Detention Facility after she was arrested at a political demonstration. Ms. Mancias continues to participate in political demonstrations and is sometimes arrested at them. She brings this suit as a citizen and so that she will not be forced to undergo this intrusive testing during future arrests in Alameda County.

9. In April 2014, Plaintiff Jane Doe was required to submit to a pregnancy test at Alameda County's Santa Rita Jail after she was arrested for allegedly delaying or obstructing a peace officer following a traffic stop. Ms. Doe is assessed and pays annual property taxes on real property that she owns in Alameda County. She brings this suit as a taxpayer and as a citizen of Alameda County.

**Defendant**

10. Defendant Gregory J. Ahern is the Alameda County Sheriff. Defendant Ahern has ultimate authority over the Alameda County jails, including the Glenn E. Dyer Detention Facility and the Santa Rita Jail, and is responsible for protecting the constitutional and statutory rights of prisoners under his custody. He is named in his official capacity only.

## IV.   STATEMENT OF FACTS

11. Plaintiff Susan Harman was arrested in Oakland in July 2010, during a protest relating to the shooting of Oscar Grant. Immediately after she was arrested, Ms. Harman was taken to the emergency room for examination and treatment for injuries she had sustained when police officers struck her on the head. The hospital did not conduct a pregnancy test. After she was released from the hospital, Ms. Harman was taken to the Glenn E. Dyer Detention Facility in downtown Oakland. Soon after she arrived, jail personnel required her to take a pregnancy test. The officer took her, along with two other women, to a bathroom and demanded that she urinate in a cup. Ms. Harman told the officer that she was 69 years old and could not possibly be pregnant, but the officer required her to take the test anyway.

12. Ms. Harman was not provided with any additional medical screening at the jail. Although Ms. Harman is diabetic, no jail personnel responded to her concern that she needed insulin. After being held in a crowded holding cell all night, Ms. Harman was released from custody the next morning. Ms. Harman was never told the results of her pregnancy test. She was never charged with any crime.

13. Ms. Harman felt generally humiliated and demeaned by the forced pregnancy test. Given her age, the pregnancy test clearly had nothing to do with providing her with appropriate health care. Moreover, the fact that the jail required her to take the pregnancy test yet ignored her actual medical needs around insulin, made her feel as if the only purpose of the pregnancy test was to embarrass her and to invade her privacy.

14. Plaintiff Nancy Mancias was arrested during a political demonstration in Oakland in August 2012 and taken the Glenn E. Dyer Detention Facility. Soon after she arrived at the jail, an officer ordered Ms. Mancias to take a pregnancy test. Ms. Mancias responded: "Isn't that a violation of my civil liberties?" The officer told her that if she refused to take the pregnancy test she would be sent to Santa Rita Jail, some 30 miles from where she had been arrested. In response to this coercion, Ms. Mancias

1  took the test.  She stepped behind a low partition that reached only to her waist level and urinated into the
2  sample cup, while the officer turned her back.  She then handed her sample to the officer.

3   15. Ms. Mancias did not see any doctors or nurses and did not receive any additional medical
4  screening.  After some eight hours in custody, Ms. Mancias was released.  Ms. Mancias was never told the
5  results of her pregnancy test.  She was never charged with any crime.

6   16. Ms. Mancias felt humiliated and deeply distressed by the forced pregnancy testing, which
7  she experienced as a gross violation of her privacy.  Ms. Mancias had tried to become pregnant in the past,
8  but had been unable to do so.  Because of this, she knew that she was not pregnant and found the
9  compulsory pregnancy testing particularly inappropriate and invasive into an area that she considers
10 private.  Ms. Mancias has been arrested during political demonstrations in other jurisdictions but has never
11 been required to take a pregnancy test.

12  17. Plaintiff Jane Doe was arrested in April 2014 for allegedly obstructing, resisting, or
13 delaying a peace officer during a traffic stop.  After her arrest she was taken to Santa Rita Jail and
14 photographed and fingerprinted.  After some two hours, Ms. Doe was given a medical screening, during
15 which she believes she was asked whether she was pregnant.  Ms. Doe is married with two young children
16 and knew that she was not pregnant and believes that she informed staff that she was not pregnant.
17 Nevertheless, staff directed her to submit to a pregnancy test.  Nobody indicated in any way to Ms. Doe
18 that she could refuse.  Ms. Doe later posted bail and was released after approximately 16 hours in custody.

19  18. Ms. Doe provided a urine sample for the pregnancy test only because she believed that she
20 was required to do so.  She had never been arrested before and did not want to do anything that would
21 prolong her stay in jail or cause her additional legal problems.  She believes that the testing infringed on
22 her privacy and that it should have been her personal decision whether to take the test.  More generally,
23 she believes that other women in this position should have the right to refuse to submit to a pregnancy test.

24  19. Ms. Doe brings this suit under a pseudonym to avoid additional invasions of her privacy.

25  20. Sheriff Ahern has confirmed that, as of December 20, 2010, "every female brought into
26 [the] Glenn E. Dyer Facility is required to submit to a pregnancy test through urinalysis." *See* Exhibit A
27 (December 20, 2010 Letter from Sheriff Ahern to Michael T. Risher) (emphasis added).

28

21.     The current General Health Services Policy & Procedure at the Santa Rita Jail and Glenn E. Dyer Detention Facility requires that "All female inmates under 60 years of age are tested to determine pregnancy at intake using a urine test or other means of testing." *See* Exhibit B.

22.     Plaintiffs are aware of no other county in California that requires women to submit to pregnancy testing when they are arrested.  Instead, at least some other counties make pregnancy testing available to women who consent to it but also respect a woman's choice to refuse to submit to testing.  For example, the San Francisco Sheriff's Department checks women for pregnancy as part of a comprehensive medical screening procedure and makes pregnancy testing available for them.  But it also specifically allows women to refuse to take the test by completing a written refusal form.  *See* City and County of San Francisco, Department of Public Health, Jail Health Services Policy and Procedure No. 302 § I(E), a true copy of which is attached to this complaint as Exhibit C.

23.     More generally, healthcare professionals recognize that incarcerated people have the right to refuse medical examinations and treatment.  For example, the American Public Health Association's Standards for Health Services in Correctional Institutions states that "every prisoner has the right to refuse a medical examination; this right must be respected."  Similarly, the National Commission on Correctional Healthcare's 2008 Standards for Health Services in Jails states that a "[a]ll examinations, treatments, and procedures are governed by *informed consent* practices applicable in the jurisdiction"  (emphasis original).

24.     Because the Alameda County jails are refusing to respect this important right to refuse a pregnancy test, they are committing the following violations:

**FIRST CAUSE OF ACTION**
**(Violation of California Constitution, Article I § 1)**
**(All Plaintiffs against Defendant Ahern)**

25.     Plaintiffs incorporate by reference the allegations of the above paragraphs as though fully set forth herein.

26.     Article I § 1 of the California Constitution expressly protects privacy:  "All people are by nature free and independent and have inalienable rights.  Among these are enjoying and defending life and liberty, acquiring, possessing, and protecting property, and pursuing and obtaining safety, happiness, and privacy."

27. Mandatory pregnancy testing implicates a female arrestee's legally protected privacy interest in two distinct ways. First, any type of mandatory urinalysis infringes on the constitutionally protected right. Second, requiring a woman to reveal whether or not she is pregnant infringes on her right to privacy.

28. When the government intrudes into the privacy protected by California's Constitution, it must show that the need for this intrusion outweighs the individual's privacy interests and that less-intrusive measures would be ineffective. No governmental interest justifies this broad intrusion caused by Defendant's mandatory pregnancy testing program.

29. Defendant's policy and practice violate Article I § 1 of the California Constitution by invading female arrestees' right to privacy.

**SECOND CAUSE OF ACTION**
**(Violation of the Fourth Amendment to the United States Constitution; 42 U.S.C. § 1983)**
**(All Plaintiffs against Defendant Ahern)**

30. Plaintiffs incorporate by reference the allegations of the above paragraphs as though fully set forth herein.

31. The Fourth Amendment of the United States Constitution prohibits the government from conducting unreasonable searches and seizures.

32. Compulsory pregnancy testing by means of urinalysis is both a search and a seizure.

33. Because they not justified by any legitimate government interest, Defendant's policy and practice of requiring arrested women to submit to mandatory pregnancy testing is unreasonable and violates the Fourth Amendment.

**THIRD CAUSE OF ACTION**
**(Violation of California Constitution, Article I § 13)**
**(All Plaintiffs against Defendant Ahern)**

34. Plaintiffs incorporate by reference the allegations of the above paragraphs as though fully set forth herein.

35. Article I § 13 of the California Constitution prohibits the government from conducting unreasonable searches and seizures.

36. Compulsory pregnancy testing by means of urinalysis is both a search and a seizure.

37.     Because it is not justified by any legitimate government interest, Defendant's policy and practice of requiring arrested women to submit to mandatory pregnancy testing is unreasonable and violates Article I § 13.

**FOURTH CAUSE OF ACTION**
**(Violation of California Code of Regulations, Title 15 § 1214)**
**(All Plaintiffs against Defendant Ahern)**

38.     Plaintiffs incorporate by reference the allegations of the above paragraphs as though fully set forth herein.

39.     The California Code of Regulations requires that inmates provide informed consent before being subject to non-emergency medical care:

> Except for emergency treatment … all examinations, treatments and procedures affected by informed consent standards in the community are likewise observed for inmate care. … Any inmate who has not been adjudicated to be incompetent may refuse non-emergency medical and mental health care.  Absent informed consent in non-emergency situations, a court order is required before involuntary medical treatment can be administered to an inmate.  15 Cal. Code. Regs. § 1214

40.     Pregnancy testing is medical care and a medical examination, treatment, and procedure that requires informed consent in the community.  Any arrestee who has not been adjudicated as incompetent should therefore be permitted to refuse a pregnancy test, absent a valid court order requiring her to submit to the test.

41.     Because Defendant's policy and practice require women to submit to pregnancy testing without their informed consent, they violate Title 15 § 1214 of the California Code of Regulations.

**FIFTH CAUSE OF ACTION**
**(Taxpayer Action under Code of Civ. Proc. § 526(a) to Prevent Illegal Expenditure of Funds)**
**(Plaintiffs Harman and Doe against Defendant Ahern)**

42.     Plaintiffs incorporate by reference the allegations of the above paragraphs as though fully set forth herein.

43.     Defendant is illegally expending public funds by requiring female arrestees to submit to pregnancy tests in violation of the United States and California constitutions, as well as the California Code of Regulations.

## SIXTH CAUSE OF ACTION
### (Violation of Bane Act, Civ. Code § 52.1)
### (All Plaintiffs against Defendant Ahern)

44. Plaintiffs incorporate by reference the allegations of the above paragraphs as though fully set forth herein.

45. The Bane Act allows a person whose rights have been interfered with by means of threats, intimidation, or coercion to sue for injunctive and other equitable relief. Civ. Code § 52.1(b).

46. By forcing Plaintiffs to submit to a pregnancy test, Defendant has interfered with their rights, as set forth in the United States and California constitutions as well as the California Code of Regulations by means of threats, intimidation, and coercion.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs respectfully request that the Court:

A. Issue a peremptory writ of mandate directing Defendant to: (1) stop requiring female arrestees in Alameda County to take a pregnancy test unless they have given informed consent to this testing; (2) provide every female arrestee with a meaningful opportunity to refuse pregnancy testing; and (3) take all other necessary steps to insure and protect the privacy rights of female arrestees with respect to pregnancy testing, including directing that all intake procedures be revised to reflect this Court's ruling.

B. Issue a declaration that Defendant's actions in requiring mandatory pregnancy testing of female arrestees violate: (1) Article I § 1 of the California Constitution; (2) the Fourth Amendment of the United States Constitution; (3) Article I § 13 of the California Constitution, and (4) Title 15 § 1214 of the California Code of Regulations.

C. Grant injunctive relief directing that Defendant stop requiring female arrestees to submit to a mandatory pregnancy test.

D. Order Defendants to pay nominal damages.

E. Order Defendant to pay Plaintiffs' attorneys' fees and costs under 42 U.S.C. § 1988(b), Civil Code § 52.1(h), Code Civ. Proc § 1021.5, and any other applicable statutes.

F.      Grant Plaintiffs such further relief as the Court deems just and proper.

April 28, 2015                                COVINGTON & BURLING LLP


By:  */s/ Christine Saunders Haskett*
      Christine Saunders Haskett
      Attorneys for Plaintiffs


April 28, 2015                                ACLU Foundation of Northern California, Inc.


By:  */s/ Michael Temple Risher*
      Michael Temple Risher
      Attorneys for Plaintiffs

**Complaints and Other Initiating Documents**
3:14-cv-03051-MEJ Harman et al
v. Ahern
ADRMOP,CONSENT,REFSET-KAW

# U.S. District Court

## California Northern District

### Notice of Electronic Filing

The following transaction was entered by Haskett, Christine on 4/28/2015 at 2:42 PM and filed on 4/28/2015

**Case Name:**     Harman et al v. Ahern
**Case Number:**   3:14-cv-03051-MEJ
**Filer:**         Susan Harman
                   Jane Doe
                   Nancy Mancias
**Document Number:** 29

**Docket Text:**
**COMPLAINT *FIRST AMENDED COMPLAINT* against Gregory J. Ahern. Filed bySusan Harman, Jane Doe, Nancy Mancias. (Haskett, Christine) (Filed on 4/28/2015)**

**3:14-cv-03051-MEJ Notice has been electronically mailed to:**

Christine Saunders Haskett     chaskett@cov.com, rhouston@cov.com

Elizabeth O. Gill     egill@aclunc.org, agaldamez@aclunc.org

Gregory J. Rockwell     chankins@bjg.com, lmiller@bjg.com

Matthew M. Grigg     mmg@hudginslaw.com

Michael Temple Risher     mrisher@aclunc.org, clamprecht@aclunc.org

Rebecca Ariel Jacobs     rjacobs@cov.com

**3:14-cv-03051-MEJ Please see Local Rule 5-5; Notice has NOT been electronically mailed to:**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** C:\fakepath\2015.04.28 First Amended Complaint.pdf
**Electronic document Stamp:**
[STAMP CANDStamp_ID=977336130 [Date=4/28/2015] [FileNumber=11603965-0]
[512a052f429a0322f4c4f811936f9986a3e9bbb0207939ffe1729db61df23d8ab0fa
ad90297d0baaadbae6ffa0caf421af01088b5520fd231e71418ba6a73f61]]