UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN HARMAN, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>GREGORY J. AHERN,<br><br>    Defendant. | Case No. 14-cv-03051-MEJ<br><br>**ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL TO PLAINTIFF JANE DOE**<br><br>Re: Dkt. No. 34 |

## INTRODUCTION

On June 11, 2015, Covington & Burling LLP and American Civil Liberties Union Foundation of Northern California, Inc. ("Plaintiffs' Counsel") filed a Motion to Withdraw as Counsel to Plaintiff Jane Doe. Dkt. No. 34. Defendant Gregory J. Ahern, Alameda County Sheriff, has filed a statement of non-opposition. Dkt. No. 37. Plaintiff Jane Doe has failed to respond. The Court finds this matter suitable for disposition without oral argument and VACATES the July 23, 2015 hearing. *See* Fed. R. Civ. P. 78(b); Civil L.R. 7-1(b). Having considered the record in this case and relevant legal authority, the Court **GRANTS** Plaintiffs' Counsel's Motion for the reasons set forth below.

## BACKGROUND

Plaintiffs' Counsel currently serve as pro bono counsel for Plaintiffs Susan Harman, Nancy Mancias, and Jane Doe. They seek to withdraw as counsel for Jane Doe because they have been unable to make contact with her and cannot proceed without her consent. Mot. at 1.

In advance of a May 8, 2015 court-ordered settlement conference before Magistrate Judge Kandis A. Westmore, Plaintiffs' Counsel contacted Jane Doe several times to seek either her attendance at the conference or her consent to reach a settlement agreement on her behalf. Jacobs

Decl. ¶¶ 3-4, Dkt. No. 35.  Plaintiffs' Counsel received no response.  *Id.*

On May 8, 2015, the settlement conference was held.  Dkt. No. 31.  Jane Doe did not attend.  Jacobs Decl. ¶ 5.  In Jane Doe's absence, Plaintiffs Nancy Mancias and Susan Harman reached an agreement in principle with Defendant Ahern, Dkt. No. 31, and since May 8, counsel have been working to reach a final agreement.  Jacobs Decl. ¶ 5.  The parties are scheduled to attend a follow-up conference before Judge Westmore, when it is anticipated that they might reach a settlement.  *Id.*  Plaintiffs' Counsel have attempted to contact Jane Doe by telephone and email since the May 8 settlement conference, but Jane Doe has not responded.  *Id.* ¶¶ 6-7.

## LEGAL STANDARD

The Court's Civil Local Rules authorize an attorney to withdraw as counsel of record if: (1) written notice has been given reasonably in advance to the client and all other parties in the action; and (2) the attorney obtains leave of Court.  Civ. L.R. 11-5(a).  However, "[w]hen withdrawal by an attorney from an action is not accompanied by simultaneous appearance of substitute counsel or agreement of the party to appear pro se, leave to withdraw may be subject to the condition that papers may continue to be served on counsel for forwarding purposes . . . unless and until the client appears by other counsel or pro se."  Civ. L.R. 11-5(b).

In this district, the conduct of counsel, including the withdrawal of counsel, is governed by the standards of professional conduct required of members of the State Bar of California.  Civ. L.R. 11-4(a)(1); *see Nehad v. Mukasey*, 535 F.3d 962, 970 (9th Cir. 2008) (applying California Rules of Professional Conduct to attorney withdrawal).  California Rule of Professional Conduct 3-700(C) provides several enumerated grounds pursuant to which counsel may properly seek to withdraw from a representation.  One of these grounds is that "[t]he client . . . by other conduct renders it unreasonably difficult for the member to carry out the employment effectively."  Cal. Rule of Prof. Conduct 3-700(C)(1)(d).

Before counsel can withdraw, counsel must comply with California Rule of Professional Conduct 3-700(A)(2), which provides that counsel shall not withdraw from employment until the member has taken steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel,

complying with rule 3-700(D) (regarding papers), and complying with applicable laws and rules. *El Hage v. U.S. Sec. Assocs., Inc.*, 2007 WL 4328809, at *1 (N.D. Cal. Dec. 10, 2007).

The decision to permit counsel to withdraw is within the sound discretion of the trial court. *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009). Courts consider several factors when considering a motion for withdrawal, including: (1) the reasons counsel seeks to withdraw; (2) the possible prejudice that withdrawal may cause to other litigants; (3) the harm that withdrawal might cause to the administration of justice; and (4) the extent to which withdrawal will delay resolution of the case. *Deal v. Countrywide Home Loans*, 2010 WL 3702459, at *2 (N.D. Cal. Sept. 15, 2010).

## DISCUSSION

As noted above, Plaintiffs' Counsel has contacted Jane Doe several times to seek her participation in this case, but she has not responded. Jacobs Decl. ¶¶ 3-4, 6-7. Jane Doe also failed to appear at the May 8, 2015 settlement conference before Magistrate Judge Westmore. *Id.* ¶ 5. The Court finds that Jane Doe's failure to communicate with Plaintiffs' Counsel constitutes good cause for withdrawal. *See, e.g.*, *Ortiz v. Freitas*, 2015 WL 3826151, at *2 (N.D. Cal. June 18, 2015) ("Mr. Ortiz's failure to maintain regular contact with his counsel and cooperate in moving the litigation forward constitutes good cause for withdrawal."); *j2 Global Commc'ns, Inc. v. Blue Jay, Inc.*, 2009 WL 464768, at *2 (N.D. Cal. Feb. 24, 2009) ("Luxenberg's refusal to communicate with Sedgwick, despite Sedgwick's multiple attempts to contact him, makes it unreasonably difficult for Sedgwick to represent Luxenberg effectively.").

In addition, the Court finds that Plaintiffs' Counsel have complied with the requirements of Civil Local Rule 11-5(a) and the California Rules of Professional Conduct. Plaintiffs' Counsel provided reasonable advance notice to Jane Doe and all the other parties that have appeared in this case of their intention to withdraw as Jane Doe's counsel of record. The Court also finds that Plaintiffs' Counsel have taken steps to avoid reasonably foreseeable prejudice to the rights of Jane Doe by giving due notice of their intent to withdraw and by allowing Jane Doe time to obtain substitute counsel. Accordingly, the Court concludes that withdrawal is appropriate.

**CONCLUSION**

For the reasons stated above, the Court **GRANTS** Plaintiffs' Counsel's Motion to Withdraw as Counsel to Plaintiff Jane Doe.  However, because Jane Doe has not consented to the withdrawal and no substitution of counsel has been filed on her behalf, the Motion is granted on the condition that all papers from the Court and from Defendant shall continue to be served on Jane Doe's current counsel for forwarding purposes until a substitution of counsel is filed as provided by Civil Local Rule 11-5(b).

As Jane Doe is now proceeding pro se, the Court directs her attention to the Court's Handbook for Litigants Without a Lawyer, which is available free of charge in the Clerk's Office, or online at http://cand.uscourts.gov/prosehandbk.  Jane Doe may also wish to seek assistance from the Legal Help Center, a free service of the Volunteer Legal Services Program, by calling 415-782-8982, or by signing up for an appointment on the 15th Floor of the Federal Courthouse in San Francisco, 450 Golden Gate Avenue, San Francisco, California.  At the Legal Help Center, you will be able to speak with an attorney who may be able to provide basic legal help but not representation.  More information is available at http://cand.uscourts.gov/helpcentersf.

**IT IS SO ORDERED.**

Dated: July 1, 2015

_____
MARIA-ELENA JAMES
United States Magistrate Judge