UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN HARMAN, et al.,<br>　　　　Plaintiffs,<br>　　v.<br>GREGORY J. AHERN,<br>　　　　Defendant. | Case No. 14-cv-03051-MEJ<br><br>**ORDER DISMISSING CASE AS TO PLAINTIFF JANE DOE** |

## BACKGROUND

Plaintiffs Susan Harman, Nancy Mancias, and Jane Doe bring this case against Alameda County Sheriff Gregory J. Ahern, challenging the Alameda County Sheriff's policy requiring women arrested and booked into jail to submit to a pregnancy test. Compl. ¶ 1, Dkt. No. 1. On June 11, 2015, Plaintiffs' pro bono counsel, Covington & Burling LLP and American Civil Liberties Union Foundation of Northern California, Inc. ("Plaintiffs' Counsel"), filed a Motion to Withdraw as Counsel to Plaintiff Jane Doe, stating they have been unable to make contact with her and cannot proceed with pending settlement negotiations without her consent. Dkt. No. 34. The Court granted the Motion based on Jane Doe's failure to maintain regular contact with her counsel, despite their multiple attempts to contact her, and her failure to cooperate in moving the litigation forward as the remaining parties engage in settlement negotiations. Dkt. No. 38.

Based on Jane Doe's failure to prosecute her case diligently, the Court also ordered her to show cause why her case should not be dismissed for failure to prosecute and failure to comply with court deadlines. Dkt. No. 39. The Court ordered Jane Doe to file a declaration by July 23, 2015, and provided notice that the Court may dismiss her case without a hearing if no responsive declaration is filed. *Id.* As of the date of this Order, Jane Doe has failed to respond. Based on

this procedural history, the Court finds it appropriate to dismiss this case as to Plaintiff Jane Doe only pursuant to Federal Rule of Civil Procedure 41(b).

**LEGAL STANDARD**

Under Rule 41(b), "the district court may dismiss an action for failure to comply with any order of the court." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992); *see also Oliva v. Sullivan*, 958 F.2d 272, 273-74 (9th Cir. 1992) (district court may dismiss sua sponte for failure to meet court deadline). "[T]he district court must weigh the following factors in determining whether a Rule 41(b) dismissal is warranted: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" *Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). The *Henderson* factors "are 'not a series of conditions precedent before the judge can do anything,' but a 'way for a district judge to think about what to do.'" *In re Phenylpropanolamine (PPA) Products Liab. Litig.* (*In re PPA*), 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Valley Eng'rs Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998)). Dismissal is appropriate "where at least four factors support dismissal . . . or where at least three factors 'strongly' support dismissal." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998).

**DISCUSSION**

Here, the Court finds that the *Henderson* factors support dismissal. First, "the public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). As discussed in the Court's Order granting Plaintiffs' Motion to Withdraw as her counsel, Jane Doe delayed adjudication of the claims in this case by failing to maintain contact with counsel, failing to attend a court-ordered settlement conference, and failing to respond to telephone and email communications from her counsel. Dkt. No. 38. Jane Doe has also failed to respond to this Court's show cause order.

Second, the Court's need to manage its docket also weighs in favor of dismissal. Non-compliance with procedural rules and the Court's orders wastes "valuable time that [the Court]

could have devoted to other . . . criminal and civil cases on its docket." *Ferdik*, 963 F.2d at 1261.

As for the third *Henderson* factor, the mere pendency of a lawsuit cannot constitute sufficient prejudice to require dismissal. *Yourish*, 191 F.3d at 991. However, "prejudice . . . may . . . consist of costs or burdens of litigation." *In re PPA*, 460 F.3d at 1228. Moreover, "a presumption of prejudice arises from a plaintiff's unexplained failure to prosecute." *Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002). A plaintiff has the burden of demonstrating a non-frivolous reason for failing to meet a court deadline. *Id.*; *see also Yourish*, 191 F.3d at 991. Here, Jane Doe failed to respond to the Court's Order to Show Cause, offered no explanation for her failure to respond to communications from her counsel, and has not otherwise prosecuted her case. Therefore, the Court concludes that the third *Henderson* factor also supports dismissal.

The fourth *Henderson* factor, that public policy favors disposition of cases on their merits, normally weighs strongly against dismissal. *See, e.g.*, *Hernandez*, 138 F.3d at 399. "At the same time, a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines . . . cannot move forward toward resolution on the merits." *In re PPA*, 460 F.3d at 1228. The Ninth Circuit has "recognized that this factor 'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *Id.* (quoting *In re Exxon Valdez*, 102 F.3d 429, 433 (9th Cir. 1996)). Thus, if the fourth *Henderson* factor weighs against dismissal here, it does so very weakly.

Finally, the Court has already attempted less drastic sanctions, without success, and therefore determines that trying them again would be inadequate or inappropriate. "Though there are a wide variety of sanctions short of dismissal available, the district court need not exhaust them all before finally dismissing a case." *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981). Here, the Court already attempted the lesser sanction of issuing an Order to Show Cause and giving Jane Doe an opportunity to explain her failure to prosecute this case. As she failed to respond, another order requiring Jane Doe to respond is likely to be futile. *See, e.g.*, *Gleason v. World Sav. Bank, FSB*, 2013 WL 3927799, at *2 (N.D. Cal. July 26, 2013) (finding dismissal under Rule 41(b) appropriate where the court previously attempted the lesser sanction of

3

issuing an Order to Show Cause and giving the plaintiff an additional opportunity to re-plead). Further, the Order to Show Cause warned Jane Doe of the risk of dismissal; thus she cannot maintain that the Court has failed in its "obligation to warn the plaintiff that dismissal is imminent." *Oliva*, 958 F.2d at 274. Accordingly, the Court finds that the fifth factor also weighs in favor of dismissal.

## CONCLUSION

Based on the analysis above, the Court finds that at least four of the five *Henderson* factors weigh in favor of dismissal. Jane Doe failed to maintain communication with her counsel and failed to respond to the Court's Order to Show Cause after it granted Plaintiffs' Counsel's request to withdraw. Thus, Jane Doe has failed to prosecute this case and dismissal is appropriate. Accordingly, the Court **DISMISSES** this case as to Jane Doe only, for failure to prosecute and failure to comply with the Court's deadlines and orders.

Plaintiffs' Counsel are directed to serve this Order on Jane Doe.

**IT IS SO ORDERED.**

Dated: July 27, 2015

_____
MARIA-ELENA JAMES
United States Magistrate Judge